# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

M. DORA LEE ORTIZ FKA
M. DORA LEE RIBONI,

      Plaintiff,

v.                                                                                                                                                     No. CIV 18-0059 RB/KK

NEW MEXICO FEDERAL SAVINGS AND
LOAN ASSOCIATION; JPMORGAN CHASE
BANK, N.A.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEM ("MERS"); and
DOES 1 THROUGH 100 INCLUSIVE, *ET AL.*,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss and Brief in Support, filed on January 25, 2018. (Doc. 6.) Jurisdiction arises under 28 U.S.C. §§ 1331 and 1332.[1] Having considered the submissions of counsel and the relevant law, the Court will **GRANT** the motion. The Court will also order Plaintiff to show cause regarding the remaining Defendants as described herein.

On May 2, 1986, Plaintiff M. Dora Lee Ortiz (formerly known as M. Dora Lee Riboni) and Albert Riboni executed a note for real property that was secured by a mortgage in the amount of $104,800. The original lender of the note and mortgage was New Mexico Federal Savings and Loan Association (NMFSLA). Over the next 17 years, the note and mortgage were assigned to six different entities, ultimately landing with Defendant JPMorgan Chase Bank, N.A.

---

[1] Plaintiff has filed a variety of claims, including claims based on the Truth in Lending Act, 15 U.S.C. § 1601. (*See* Doc. 1 at 2.) Further, Plaintiff and Defendant JPMorgan Chase Bank, N.A. (Chase) are diverse, as Plaintiff is a citizen of New Mexico, and Chase is a national banking association with its main office in Ohio. (*Id.* at 3.) There is no dispute regarding the amount in controversy, thus it appears jurisdiction appropriate under 28 U.S.C. § 1332.

(Chase). In 2013, Chase instituted foreclosure proceedings against Plaintiff and Albert Riboni in New Mexico state court. The state court granted summary judgment to Chase in 2015, and ordered a foreclosure sale. Despite the judgment and order, Plaintiff filed suit in state court in 2017, asserting a variety of claims against NMFSLA, Chase, Mortgage Electronic Registration System (MERS), and John Does 1–100. Chase has removed the case to federal court and now seeks to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    Background[2]

"On May 2, 1986, Debtors Albert Riboni and Plaintiff . . . executed a negotiable promissory note and a security interest in the form of a mortgage in the amount of $104,800." (*See* Doc. 1-A-13 (Plaintiff's First Amended Complaint (FAC) ¶ 24.) "The original lender of the promissory note and mortgage" was Defendant NMFSLA. (*Id.*)

The note and mortgage have been assigned to several different entities over the years. As revealed in Santa Fe County, New Mexico public records, the assignments include:

(1) on June 19, 1991, Resolution Trust Corporation, as receiver for NMFSLA, assigned the note and mortgage to Greenwich Capital Financial, Inc. (*see* Doc. 6-1-C[3]);

(2) on December 26, 1991, Greenwich Capital Financial, Inc. assigned the deed of trust and mortgage to First Gibraltar Bank, FSB (*see* Doc. 6-1-D[4]);

---

[2] The facts in this section are taken from Plaintiff's First Amended Complaint and the exhibits attached to the Motion to Dismiss. (*See* Doc. 1-A-13 (Plaintiff's First Amended Complaint (FAC)); *see also* Doc. 6-A–L.) The Court will relate only those facts necessary to address this Motion to Dismiss.

[3] Exhibit 6-1-C is a public record of Santa Fe County, New Mexico. *See* Santa Fe County Clerk's Office Recording Info and FAQ, https://www.santafecountynm.gov/clerk/recording_faq. The document number above the County Clerk's seal is listed as 749252. (*See* Doc. 6-1-C at 2.) Plaintiff refers to this assignment in her First Amended Complaint as the September 17, 1991 assignment, which is the date that the County Clerk certified the assignment. (*Id.*; *see also* FAC ¶ 26.) The record lists June 19, 1991, as the date of the assignment. (Doc. 6-1-C at 1.)

(3) on October 15, 1992, First Gibraltar Bank, FSB assigned the mortgage to First Gibraltar Mortgage Corporation (*see* Doc. 6-1-E[5]);

(4) on October 15, 1992, First Gibraltar Mortgage Corporation assigned the mortgage to Bank United of Texas, FSB (*see* Doc. 6-1-F[6]);

(5) on December 1, 2003, Washington Mutual Bank, F.A., successor by merger to Bank United of Texas, FSB assigned the mortgage to Washington Mutual Bank, F.A. (*see* Doc. 6-1-G[7]); and

(6) on February 13, 2013, Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A., successor by merger to Bank United of Texas, FSB, assigned the mortgage to Chase (*see* Doc. 6-1-H[8]).

---

[4] Exhibit 6-1-D is a public record of Santa Fe County, New Mexico. *See* Santa Fe County Clerk's Office Recording Info and FAQ, https://www.santafecountynm.gov/clerk/recording_faq. The document number above the County Clerk's seal is listed as 777798. (*See* Doc. 6-1-D at 1.) Plaintiff refers to this assignment in her First Amended Complaint as the June 24, 1992 assignment, which is the date that the County Clerk certified the assignment. (*Id.*; *see also* FAC ¶ 30.) The record lists December 26, 1991, as the date of the assignment. (Doc. 6-1-D at 1.)

[5] Exhibit 6-1-E is a public record of Santa Fe County, New Mexico. *See* Santa Fe County Clerk's Office Recording Info and FAQ, https://www.santafecountynm.gov/clerk/recording_faq. The document number above the County Clerk's seal is listed as 815531. (*See* Doc. 6-1-E.) Plaintiff refers to this assignment in her First Amended Complaint as the May 26, 1993 assignment, which is the date that the County Clerk certified the assignment. (*Id.*; *see also* FAC ¶ 31.) The record lists October 15, 1992, as the date of the assignment. (Doc. 6-1-E.)

[6] Exhibit 6-1-F is a public record of Santa Fe County, New Mexico. *See* Santa Fe County Clerk's Office Recording Info and FAQ, https://www.santafecountynm.gov/clerk/recording_faq. The document number above the County Clerk's seal is listed as 815545. (*See* Doc. 6-1-F.) Plaintiff refers to this assignment in her First Amended Complaint as the May 26, 1993 assignment, which is the date that the County Clerk certified the assignment. (*Id.*; *see also* FAC ¶ 34.) The record lists October 15, 1992, as the date of the assignment. (Doc. 6-1-F.)

[7] Exhibit 6-1-G is a public record of Santa Fe County, New Mexico. *See* Santa Fe County Clerk's Office Recording Info and FAQ, https://www.santafecountynm.gov/clerk/recording_faq. The document number within the County Clerk's seal is listed as 1308678. (*See* Doc. 6-1-G at 2.) Plaintiff refers to this assignment in her First Amended Complaint as the January 7, 2003 assignment. The County Clerk certified the assignment on January 7, 2004. (*Id.*; *see also* FAC ¶ 35.) The record lists December 1, 2003, as the date of the assignment. (Doc. 6-1-G at 1.)

On November 7, 2013, Chase filed a foreclosure action against Plaintiff and Albert Riboni in the First Judicial District Court, County of Santa Fe, State of New Mexico. *JPMorgan Chase Bank, N.A., v. Riboni*, D-101-CV-201302887, Compl. for Foreclosure (1st Judicial Dist., Santa Fe Cty., N.M. Nov. 7, 2013).[9] In 2014, Chase filed a Motion for Summary Judgment, Default Judgment, and for Order for Foreclosure Sale. *See id.*, Mot. for Summ. J. (June 11, 2014). The state court granted the motion on July 27, 2015. *See id.*, Summ. J., Default J., & Order for Foreclosure Sale (July 27, 2015). (*See also* Doc. 6-J.) The court made several findings relevant to this case: Chase is entitled to enforce the note; Chase is the mortgagee of record; Plaintiff and Albert Riboni failed to make payments under the terms of the note and mortgage; Chase has a valid lien against the property described in the mortgage and is entitled to have the mortgage foreclosed. (*See* Doc. 6-J at 2, 4–5.)

On April 7, 2016, the New Mexico Court of Appeals filed a Notice of Proposed Summary Disposition in the state case. *Id.*, Notice Proposed Summ. Disposition (Apr. 7, 2016). (*See also* Doc. 6-K.) Ms. Ortiz argued to the appellate court that Chase did not have standing to enforce the mortgage due to an insufficient chain of indorsements. (*See* Doc. 6-K at 2–3.) The appellate court disagreed, noting that the chain of indorsements, as presented by Chase and "corroborated by information available in the public record" (*id.* at 3), "constituted a prima facie showing of the Bank's standing to enforce the promissory note in question." (*Id.* at 2.) Finally, the court noted that Ms. Ortiz "was able to raise her only apparent defense, lack of standing, in

---

[8] Exhibit 6-1-H is a public record of Santa Fe County, New Mexico. *See* Santa Fe County Clerk's Office Recording Info and FAQ, https://www.santafecountynm.gov/clerk/recording_faq. The document number within the County Clerk's seal is listed as 1696807. (*See* Doc. 6-1-H.) Plaintiff refers to this assignment in her First Amended Complaint as the February 18, 2013 assignment, which is the date that the County Clerk certified the assignment. (*Id.*; *see also* FAC ¶ 37.) The record lists February 13, 2013, as the date of the assignment. (Doc. 6-1-H.)

[9] State court records are available at https://caselookup.nmcourts.gov/caselookup/.

[a] motion to vacate." (*Id.* at 5.) The court found the defense meritless and affirmed the district court's decision to award Chase summary and default judgment and an order for a foreclosure sale. (*Id.* at 5–6; *see also* Doc. 6-L (affirming the Proposed Summary Disposition).)

Plaintiff filed suit in state court on December 8, 2017. (*See* Doc. 1-2.) She filed her First Amended Complaint on January 14, 2018. (*See* FAC.) Chase removed the lawsuit to this Court on January 18, 2018. (*See* Doc. 1.) Plaintiff asserts that Chase does not have standing to enforce the mortgage. (FAC ¶ 11.) Plaintiff believes that "Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders . . . ." (*Id.* ¶ 13.) Ultimately, Plaintiff believes that NMFSLA "unlawfully purported to assign, transfer, or convey its interest in Plaintiff's Note[,]" thus Chase does not have a colorable claim on the mortgage. (*Id.* ¶¶ 15–16.)

Plaintiff questions the employment records of individuals who signed the different assignments as representatives of the varying companies. (*See id.* ¶¶ 27–39.) Plaintiff states that she obtained a Forensic Chain of Title Securitization Analysis, which "indicates that the Promissory Note may have been converted into a stock as a permanent fixture." (*Id.* ¶¶ 22, 40.) Plaintiff also asserts that "[t]here is no evidence on Record to indicate that the Mortgage was ever transferred concurrently with the purported legal transfer of the Note, such that the Mortgage and Note has [sic] been irrevocably separated, thus making a nullity out of the purported security in [the] property, as claimed." (*Id.* ¶ 40.)

Plaintiff asserts that Defendants have posted public notices of the foreclosure sale and have posted public notices on her door, revealing her debt status to others. (*Id.* ¶ 42.)

Plaintiff brings eight causes of action against the various Defendants: (1) lack of standing/wrongful foreclosure against all Defendants (*id.* ¶¶ 46–59); (2) unconscionable contract against Chase and John Does 1–100 (*id.* ¶¶ 60–67); (3) rescission against all Defendants (*id.* ¶¶ 68–72); (4) quiet title against all Defendants (*id.* ¶¶ 73–80); (5) slander of title against all Defendants (*id.* ¶¶ 81–86); (6) fraud against all Defendants (*id.* ¶¶ 87–90); (7) violation of the New Mexico Fair Debt Collection Practices Act against Chase (*id.* ¶¶ 91–94); and (8) declaratory relief against all Defendants (*id.* ¶¶ 95–98).

## II. Legal Standards

Plaintiff's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 80 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citation omitted)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556.)

"[W]hile ordinarily, a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the complaint, *see* Fed. R. Civ. P. 12(d), matters that are judicially noticeable do not have that effect, *see Duprey v. Twelfth Judicial Dist. Court*, 760 F. Supp. 2d 1180, 1192–93 (D.N.M. 2009) . . . ." *Genesee Cty. Emps.' Ret. Sys. v. Thornburg Mortg. Sec. Tr. 2006-3*, 825 F. Supp. 2d 1082, 1122 (D.N.M. 2011) (internal citation omitted).

> Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence. However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record. However, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein.

*Id.* at 1122–23 (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (internal quotation marks, alterations, and citations omitted)).

Chase attached a variety of documents to its motion, including copies of the note and mortgage, public records of the assignments on file with the Santa Fe County Clerk's Office, the docket from the related state court matter, the summary judgment from the state court case, and the proposed summary disposition and memorandum opinion from the court of appeals in the state court case. (*See* Docs. 6-1-A–L.) Plaintiff referred to the assignments in the First Amended Complaint. (*See* FAC ¶¶ 26, 30–31, 34–35, 37.) Plaintiff does not dispute the authenticity of the public records, nor did she object to their admission in her belated response to Chase's motion. (*See* Doc. 20.) The documents Chase submitted are all matters of public record, and the Court

7

will take judicial notice of the documents for purposes of this motion without converting the motion to one for summary judgment.

## III. Analysis

### A. Count I: Lack of Standing/Wrongful Foreclosure

In her first cause of action, Plaintiff asserts that no Defendant has "an equitable right to foreclose on the Property because" they have neither a perfected "security interest in the Real Property collateral" nor "a valid interest . . . [in] the underlying Deed of Trust." (FAC ¶ 47.) Plaintiff asks the Court to "find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law, because Defendants' actions in the processing, handling and attempted foreclosure of this § 1031 – Exchange involved numerous fraudulent, false, deceptive and misleading practices . . . ." (*Id.* ¶ 48.) While Plaintiff brings her first cause of action against all Defendants, Chase is the only Defendant at issue, as Chase brought the foreclosure action against Plaintiff in state court.

Chase argues that Plaintiff's first cause of action is barred by collateral estoppel. (*See* Doc. 6 at 5–6.) "[C]ollateral estoppel promotes judicial economy and protects parties from endless relitigation." *Deflon v. Sawyers*, 137 P.3d 577, 582 (N.M. 2006) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). The party asserting collateral estoppel must prove four elements. *See Reeves v. Wimberly*, 755 P.2d 75, 79 (N.M. Ct. App. 1988) (citations omitted). First, "the party against whom collateral estoppel is asserted must be the same party or be in privity with the party to the original action;" second, "the subject matter or the cause of action in the two suits must be different;" third, "the ultimate facts or issues must have been actually litigated; and" fourth, "the issue must have been necessarily determined." *State v. Bishop*, 832 P.2d 793, 795 (N.M. Ct. App. 1992) (citing *Reeves*, 755 P.2d at 77 (internal citations

omitted)). Even if the party can establish all four elements, the district court has discretion to determine whether applying collateral estoppel would be fundamentally unfair. *Reeves*, 755 P.2d at 78. "Fundamental fairness requires that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." *Silva v. State*, 745 P.2d 380, 382 (N.M. 1987).

Chase has demonstrated that all four elements apply. First, the parties are the same with respect to Count I. Second, the subject matter of the suits is different, since the suits are not simply about the property involved, but about the foreclosure of the property (state suit) and whether Chase has standing to foreclose on the property (federal suit). *See Torres v. Vill. of Capitan*, 582 P.2d 1277, 1281 (N.M. 1978) (noting that "the 'subject matter' of the two suits is different since the 'subject matter' of the suits is not simply the land involved, but the two different attempts to annex the same land"). Third, the parties have already litigated the ultimate issue—whether Chase may foreclose on the property. And fourth, the state court determined the issue. In its summary judgment order, the state court found that Chase is entitled to enforce the note and foreclose on the mortgage. *See Riboni*, D-101-CV-201302887, Summ. J., Default J., & Order for Foreclosure Sale at 2–4. The state court foreclosed on Plaintiff's mortgage and entered judgment in favor of Chase. *Id.* at 5. Moreover, the New Mexico Court of Appeals directly addressed Ms. Ortiz's lack of standing defense and found it meritless. *Id.*, Notice Proposed Summ. Disposition at 5–6.

The New Mexico Court of Appeals cited favorably to a similar case out of the Ohio Supreme Court. *See Bank of New York v. Romero*, 382 P.3d 991, 997 (N.M. Ct. App. 2016) *cert. denied* (Sept. 22, 2016) (discussing *Bank of America, N.A. v. Kuchta*, 21 N.E.3d 1040 (Ohio), *reconsideration denied*, 20 N.E.3d 730 (2014)). In *Kuchta*, "the Ohio Supreme Court considered the homeowners' ability to collaterally attack a judgment in a foreclosure action by asserting lack

9

of standing in a Rule 60(B) motion." *Id.* (citing *Kuchta*, 21 N.E.3d at 1042–43; Ohio Rev. Code Ann. Civ. R. 60(B) (2016)). Relevant to the issue here, the Ohio Supreme Court found that "the doctrine of res judicata bars [the homeowners'] attempted collateral attack against the judgment in foreclosure." *Id.* (quoting *Kuchta*, 21 N.E.3d at 1045).

The Court finds Plaintiff had a full and fair opportunity to litigate the issue of standing in state court, and she is barred from asserting it in a separate action here. Accordingly, the Court will grant Chase's motion on this issue and dismiss Plaintiff's first cause of action with prejudice.

### B. Count II: Unconscionable Contract

Plaintiff next asserts a claim of "unconscionable contract." (FAC ¶¶ 60–67.) While Plaintiff styles this claim as one brought against Chase and John Does 1–100, she never mentions Chase nor the Doe Defendants in the allegations supporting Count II. (*See* FAC ¶¶ 60–67.) The only allegations relevant to Count II are made against NMFSLA. Because Plaintiff has made no allegations to demonstrate that Chase is liable for her unconscionable contract claim, the Court will grant Chase's motion on this issue.

### C. Count III: Rescission

In Count III, Plaintiff asserts that she "is entitled to rescind the loan documents" due to:

> 1) [Truth in Lending Act (TILA)] violations; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; 4) Fraudulent Inducement; 5) failure to abide by the PSA; 6) making illegal or fraudulent transfers of the note and Mortgage/Deed of Trust; and [7]) Public Policy Grounds
> . . . .

(FAC ¶ 69.) While Plaintiff lists seven grounds under which she is entitled to rescission, she only mentions two of those grounds in support of her claim: TILA violations and public policy. (*Id.* ¶¶ 70–71.) Thus, Plaintiff has waived any arguments with respect to the other five grounds listed.

Chase contends that any claim based on the TILA is barred by the statute of limitations. (*See* Doc. 6 at 6–7.) "An action under the TILA 'may be brought . . . within one year from the date of the occurrence of the violation.'" *Heil v. Wells Fargo Bank, N.A.*, 298 F. App'x 703, 706 (10th Cir. 2008) (quoting 15 U.S.C. § 1640(e)). The only wrongdoing Plaintiff mentions here is that Defendants "failed to properly disclose the details of the loan[,]" "the initial disclosures do not [sic] initial TILA disclosures, and" the broker, lender and underwriter colluded "to place Plaintiff in a loan she could not afford and would ultimately benefit Defendants following the negative amortization that accrued." (FAC ¶ 70.) As all of these events would have occurred at the time Plaintiff signed her note and mortgage in 1986, the statute of limitations has run and any TILA claims Plaintiff may have been able to assert are barred.

Plaintiff asserts that the TILA "extends Plaintiff's right to rescind a loan to three years from the date of closing if the borrower received false or incomplete disclosures of either the loans [sic] terms or Borrower's right to rescind." (FAC ¶ 70.) Even if Plaintiff is correct and the three-year period referred to in § 1635(f) would have applied here, it has been well over three years from the date of closing. *See* 15 U.S.C. § 1635(f) (providing for a three-year period of repose where lender fails to make certain disclosures); *see also John J. Pembroke Living Trust v. U.S. Bank Nat'l Ass'n for WaMu Series 2006-AR11 Trust*, 732 F. App'x 678, 684 (10th Cir. 2018) (where the parties closed on a note and mortgage loan in 2006, borrower's 2015 notice of rescission "came many years too late").

Plaintiff also bases her claim for rescission on public policy grounds, asserting that "[t]he public interest would be prejudiced by permitting the alleged contract to stand; such action would regard an unscrupulous lender." (FAC ¶ 71.) Plaintiff offers no factual allegations in

support of this claim, thus her argument based on public policy also fails. The Court will grant Chase's motion on this issue.

### D. Count IV: Quiet Title

In Count IV, Plaintiff asserts that no Defendant has "a perfected and secured claim in the Real Property . . . ." (FAC ¶ 78.) However, "[a] party seeking to quiet title to realty must recover upon the strength of his or her own title and not on the claimed weakness of his adversary." *Tres Ladrones, Inc. v. Fitch*, 982 P.2d 488, 493 (N.M. Ct. App. 1999) (quotation and citation omitted). Plaintiff does not attempt to prove her own superior claim, but to poke holes in Chase's claim. (*See* FAC ¶¶ 73–80; *see also id.* ¶¶ 40–41 (asserting that the findings of a forensic audit report that Plaintiff commissioned "indicate[] that the Promissory Note may have been converted into a stock").) Chase has included public records showing "the complete assignment chain through which the Mortgage was assigned to Chase[,]" and Plaintiff acknowledged the same in her First Amended Complaint. (*See* Doc. 6 at 12; FAC ¶¶ 26, 30–31, 34–35, 37.) As Plaintiff has failed to establish that she holds superior title, her quiet title claim must fail. The Court will grant Chase's motion on this issue.

### E. Count V: Slander of Title

Plaintiff's fifth cause of action is for slander of title. (FAC ¶¶ 81–86.) "Recovery for the tort of slander of title may be had upon proof of special damages arising from the willful recording or publication of matter which is untrue and disparaging to the complainant's property rights in land, by one who acts with malice and without the privilege to do so." *Superior Const., Inc. v. Linnerooth*, 712 P.2d 1378, 1382 (N.M. 1986) (citing *Den-Gar Enters. v. Romero*, 611 P.2d 1119, 1124 (N.M. Ct. App. 1980)). Plaintiff bases her slander of title claim on her contention that the Defendants did not have perfected security interests in the mortgage; she

contends, therefore, that filing the assignments with the Santa Fe County Clerk's Office equals communication of a false statement. (FAC ¶¶ 84–86.) As the Court found above, Plaintiff has failed to demonstrate that she holds a superior title or that Chase lacks standing to foreclose on the mortgage. As a result, her slander of title claim also fails.

      F.      **Count VI: Fraud**

Plaintiff next brings a claim against all Defendants for fraud. (FAC ¶¶ 87–90.) To establish fraud, Plaintiff must assert that Defendants misrepresented a fact, known by them "to be untrue, made with the intent to deceive and to induce [Plaintiff] to act upon it, and upon which [Plaintiff] relie[d] to [her] detriment . . . ." *See Gouveia v. Citicorp Person-to-Person Fin. Ctr., Inc.*, 686 P.2d 262, 266 (N.M. Ct. App. 1984) (citation omitted). Chase contends that Plaintiff "fails to identify any purportedly false representations, when or where the representation was made, or how it caused her to sustain damages." (Doc. 6 at 10.)

Plaintiff asserts in her First Amended Complaint that "Defendants have colluded, acted in concert, and aided and abetted the scheme of selling 'Secret Liens' and falsifying paperwork under false pretenses by utilizing straw men to endorse the Assignments, and also to continue foreclosure efforts against Plaintiff knowing the . . . Assignments were invalid . . . ." (FAC ¶ 90.) Presumably, Plaintiff intends to assert that Defendants' alleged imperfect assignments of her mortgage have caused her the loss of her property. Again, though, the Court has already found that Plaintiff's claims regarding Chase's standing to foreclose is barred. Consequently, any claim of fraud premised on the contention that Chase does not have an interest in the mortgage is also doomed to fail. The Court will grant Chase's motion on this issue.

13

### G. Count VII: Violation of the New Mexico Fair Debt Collection Practices Act

Plaintiff asserts a claim against Chase for violations of the Fair Debt Collection Practices Act (FDCPA). (FAC ¶¶ 91–94.) "The FDCPA regulates abusive practices of 'debt collectors,' and the statute includes a specific definition of that term." *Vilar v. Equifax Info. Servs., LLC*, No. CIV 14-0226 JB/KBM, 2014 WL 7474082, at *18 (D.N.M. Dec. 17, 2014) (citing 15 U.S.C. § 1692a(6)). A plaintiff must show four elements to establish a prima facie cause for violation of the FDCPA:

> (1) the plaintiff is any natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C.A. §§ 1692a(3), 1692c(d) for purposes of a cause of action pursuant to 15 U.S.C.A. § 1692c or 15 U.S.C.A. § 1692e(11);
>
> (2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes; 15 U.S.C.A. § 1692a(5);
>
> (3) the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C.A. § 1692a(6); and
>
> (4) the defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C.A. § 1692a–1692o; 15 U.S.C.A. § 1692a; 15 U.S.C.A. § 1692k.

*Duncan v. Citibank (S. Dakota), N.A.*, No. CIV 06-246 JB/KBM, 2006 WL 4063023, at *5 (D.N.M. June 30, 2006).

Chase contends that Plaintiff has failed to establish that Chase is a debt collector under the FDCPA. (Doc. 6 at 10–11.) "A 'debt collector' is an entity that uses interstate commerce or the mail to collect debts as its principle business, or that 'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Vilar*, 2014 WL 7474082, at *18 (quoting 15 U.S.C. § 1692a(6)). "A company collecting debts owed to itself, however, is not a 'debt collector' unless it 'uses any name other than [its] own which would indicate that a third person is collecting . . . such debt.'" *Id.* (quoting 15 U.S.C. § 1692a(6); citing

15 U.S.C. § 1692a(6)(F) ("providing that a 'debt collector' does not include persons collecting debts owed to themselves under an original obligation")).

Plaintiff makes no allegations that Chase "collect[s] debts as its principle business, or that [it] 'regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another.'" *See id.* (quoting 15 U.S.C. § 1692a(6)). Nor has Plaintiff made any allegations to show that Chase, which owned the debt in question, used a "name other than [its] own which would indicate that a third person" was collecting the debt. *See* 15 U.S.C. § 1692a(6).

Because Plaintiff has failed to establish that Chase is a debt collector under the FDCPA, her claim fails, and the Court will grant Chase's motion on this issue.

### H. Count VIII: Declaratory Relief

Finally, Plaintiff seeks various forms of relief, including a declaration that she owns the property. (*See* FAC ¶¶ 95–98.) For the reasons already given, the Court denies Plaintiff the requested declaratory relief and grants Chase's motion on this issue.

## IV. Order to Show Cause

While the Court has dismissed Plaintiff's claims with respect to Chase, her claims against the other Defendants—none of whom have been served—remain. Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

This lawsuit was removed to federal court on January 18, 2018. (Doc. 1.) The 90-day deadline passed long ago, and there is no indication that Plaintiff has served any other Defendant. Nor has Plaintiff shown good cause for her failure to serve the remaining Defendants. In order to avoid

dismissal of this action against Defendants NMFSLA and John Does 1–100, Plaintiff must either effect service or provide the Court with a written explanation showing good cause why service has not been made, on or before **October 1, 2018**.

Moreover, the Court notes that Plaintiff failed to make any allegations against Defendant MERS in her First Amended Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Allison v. Utah Cty. Corp.*, 223 F.R.D. 638, 639 (D. Utah 2004) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (internal citation omitted)). In order to avoid dismissal of this action against Defendant MERS, Plaintiff shall file a written response on or before **October 1, 2018**, showing cause why all claims against MERS should not be dismissed for failure to state a claim.

## VI. Conclusion

Plaintiff has not pleaded facts sufficient to state any claim to relief against Chase. Accordingly, the Court will grant Chase's motion to dismiss.

In order to avoid dismissal against the remaining Defendants, Plaintiff must comply with the Court's order to show cause as described above.

**THEREFORE,**

**IT IS ORDERED** that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (Doc. 6) is **GRANTED**;

**IT IS FURTHER ORDERED** that in order to avoid dismissal against the remaining Defendants, Plaintiff must comply with the Court's order to show cause as described herein on or before **October 1, 2018**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE